STEVEN H. LEVIN
ADMITTED TO PRACTICE IN MARYLAND, THE DISTRICT OF COLUMBIA, AND NORTH CAROLINA

CHARLES N. CURLETT, JR.
ADMITTED TO PRACTICE IN MARYLAND, THE DISTRICT OF COLUMBIA, AND NEW YORK

250 W. PRATT ST.
SUITE 1300
BALTIMORE, MD 21201
410.685.4444
FAX 410.685.2222

1455 PENNSYLVANIA AVE.
SUITE 400
WASHINGTON, DC 20004
202.280.2001
FAX 202.652.2309

WWW.LEVINCURLETT.COM

LEVIN & CURLETT LLC

Steven H. Levin
410.545.5871
SLevin@LevinCurlett.com

July 22, 2013

The Honorable Peter J. Messitte
United States District Court
6500 Cherrywood Lane
Greenbelt Maryland 20770

    Re:    *United States v. Kirk Yamatani*
           Case No. PJM 13-328

Dear Judge Messitte:

    Based on Rule 28(j) of the Federal Rules of Appellate Procedure, Mr. Yamatani wishes to bring to the Court's attention the following relevant authority, which came to counsel's attention after initial briefing in this matter was complete:

    On July 17, 2013, the Court of Appeals for the Fourth Circuit Court decided *United States v. Weon*, --- F.3d. ---, 2013 WL 3722362)(attached). Addressing appellate waiver provisions, the *Weon* Court stated as follows:

> In determining whether an appellate waiver provision bars consideration of the issues raised in a particular appeal, we interpret the terms of the parties' plea agreement in accordance with traditional principles of contract law. *United States v. Davis*, 714 F.3d 809, 814 (4th Cir. 2013); *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). Because appellate waiver provisions usually are drafted by the government, and because such provisions implicate a defendant's constitutional rights, we hold the government to a "greater degree of responsibility" for any ambiguities than the defendant, or even than the drafter of a provision of a commercial contract. *Davis*, 714 F.3d at 814-15 (citation omitted); *Harvey*, 791 F.2d at 300-01. Accordingly, we will enforce an appellate waiver provision against a defendant only if that provision is clearly and unambiguously applicable to the issues raised by the defendant on appeal.

Id. at *4.

The *Weon* Court's analysis of appellate waivers informs Mr. Yamatani's arguments in this case. The appellate waiver provision cannot be termed unambiguous when considered in context of the government's description of the waiver provision during the plea colloquy. As previously described, the government stated that Mr. Yamatani reserves the right to appeal a sentence above Offense Level 10. Mr. Yamatani's counsel indicated this was his understanding of the agreement. The Court imposed a fine above Offense Level 10. Given the heightened standard that a reviewing court will apply to the interpretation of an appellate waiver provision entered into by a criminal defendant, the provision should not bar Mr. Yamatani's appeal of his entire sentence.

Mr. Yamatani appreciates the opportunity to have clarified this issue before this Honorable Court.

Very truly yours,

/s/

Steven H. Levin

cc: AUSA Adam Ake