**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **CASE NO. PJM 13-0328** |
| | ) | |
| **KIRK YAMATANI** | ) | |

**UNITED STATES OF AMERICA'S MOTION**
**TO DISMISS APPEAL AND STAY BRIEFING SCHEDULE**

The United States of America, by and through its undersigned counsel, hereby moves to dismiss the appeal filed by the defendant, Kirk Yamatani, on the ground that he waived his right to appeal the conviction and sentence imposed in this case pursuant to his plea agreement with the government. As grounds for this motion to dismiss, the government states as follows:

**FACTUAL BACKGROUND**

On April 30, 2013, the defendant entered a plea of guilty to a Criminal Information filed against him which charged him with a single count of Submission of a False Official Writing by an Officer of the United States in violation of 18 U.S.C. § 1018, a Class "A" misdemeanor offense. *See* Plea Agreement, attached as Exh. A at 1; *see also* Transcript of April 30, 2013, Plea Hearing, attached as Exh. B. Pursuant to his written plea agreement with the government, the United States and the defendant expressly waived their right to appeal whatever sentence was imposed by the district court to the extent that it was within the range provided for by offense level 10. *See* Exh. A at 6. The plea agreement contained the following waiver-of-appeal language:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to

1

>appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the maximum term of imprisonment provided for by offense level **10**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the range of imprisonment provided for by offense level **10**.

Exh. A at 6.

As detailed in the Statement of Facts appended to his Plea Agreement, the defendant and his co-defendant were both investigative federal law enforcement officers in series 1811 with the Department of Commerce Inspector General's Office until they resigned as part of their plea agreement with the government. *See* Exh. A at 1 (resignation requirement), Plea Statement of Facts, attached as Exh. C, at 1.   The defendant acknowledged in his plea agreement's statement of facts that his position – which he had held for nearly fifteen years – "require[d] knowledge of criminal investigative techniques, rules of criminal procedures, laws, and precedent court decisions concerning the admissibility of evidence, constitutional rights, search and seizure, and related issues…."   Exh. C at 1.

During the guilty plea hearing on April 30, 2013, the district court engaged in a colloquy with the defendant, as required by Federal Rule of Criminal Procedure 11.   *See* Exh. B at 6-24. After the magistrate court advised the defendant and his co-defendant of all the trial rights they were giving up by pleading guilty and ensuring that the plea was supported by a factual basis that satisfied the elements of the charged offense, the government asked to put on the record the specifics of the appeal waiver to which the defendant and the government had agreed in his plea agreement.   Exh. B at 21-22.   The magistrate court and the defendant were advised that:

> Both defendants have knowingly waived the right to appeal the fact of their conviction. They've also given up the right to appeal their sentence so long as the sentence that the Court imposes is at or below the range provided for by Offense Level 10 and the United States Attorney's Office has concurrently given up its right to appeal any sentence that the Court imposes so long as it is at or above the range provided for by Offense Level 10. Neither defendant gives up their right to appeal an unlawful sentence such as one that exceeds one year in prison or one that is a result of any kind of arithmetical technical, arithmetic or technical error.

After discussing the other aspects of the plea agreement, including the joint recommendation for fine and restitution amounts as well as a probationary sentence, the magistrate court asked the defendants whether the government's recitation of the "agreement I've heard [is] essentially the agreement reached?" Exh. B at 23.   To which the defendant's counsel, Mr. Levin, answered "Yes, your honor." After asking the defendant one final time whether he agreed with the government's proffered factual basis for his plea, the magistrate court made a factual finding that there was an adequate basis for the plea and found the defendant guilty.   Exh. B at 23.

At no time between the defendant's plea hearing on April 30, 2013, and his sentencing on June 19, 2013, did the defendant move to withdraw his guilty plea based on an alleged defect in the Rule 11 colloquy.

On June 19, 2013, the defendant was sentenced to an 8-month term of incarceration, to be followed by 1 year of supervised release, as well as ordered to pay $14,000 in restitution, a $28,000 fine, and a $25 special assessment.  *See* Judgment and Commitment Order, attached as Exh. D.   Consistent with the plea agreement, the government had recommended that the magistrate court sentence the defendant to a period of probation with a six month home detention component.   See Transcript of June 19, 2013, Sentencing Hearing, attached as Exh. E, at 9-12. Significantly, although the magistrate court disagreed with the joint recommendation of a

3

probation disposition, it still imposed a sentence of imprisonment within the range provided for by the combination of offense level 10 and Criminal History Category I, which is 6-12 months' imprisonment.

On June 20, 2013, the defendant filed a notice of appeal from the magistrate court's judgment.  On July 15, 2013, the defendant filed a brief in this court, in which he advanced numerous arguments regarding the alleged deficiencies in the magistrate court's conduct, including the argument that he did not understand the import of the appellate waiver in his plea agreement, that the sentence imposed is not within the range covered by the appeal waiver, that the magistrate court committed procedural and substantive errors in determining the appropriate sentence in his case, and, assuming the case is remanded for resentencing, that this Court should assign the case to a different magistrate judge.

This motion to dismiss addresses only the first two arguments that relate to the enforceability of the appellate waiver.  In support of his argument that he is not bound by the appellate waiver because he did not knowingly and intelligently waive his right, the defendant essentially points only to the fact that it was the government that initiated discussion of the appellate waiver during the plea colloquy rather than the magistrate court.  In support of his argument that the magistrate court's sentence itself was outside the scope of his appeal waiver agreement, the defendant claims that the court's imposition of the jointly recommended $28,000 fine exceeded the guideline range for a fine at offense level 10, and thus relieved him of the strictures of his appeal waiver.

For the reasons stated below, neither argument has merit, and the government respectfully requests that this Court dismiss the defendant's appeal.

4

## **ARGUMENT**

This appeal should be dismissed because the defendant knowingly and intelligently waived his right to appeal his sentence so long as the term of imprisonment was within the range provided for by offense level 10, and the sentence of imprisonment the magistrate court imposed was within that range.

Dealing with the issues in reverse order, the magistrate court's imposition of a fine above the guideline range provided for offense level 10 did not relieve the defendant of the appeal restriction in his plea agreement because both the defendant and government retained the right to appeal only the *imprisonment* aspect of the magistrate court's sentence if it was above or below the guideline range. The appeal waiver found in the defendant's plea agreement in this case reads as follows:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed ... **except** as follows: (i) the Defendant reserves the right to appeal any term of **imprisonment** to the extent that it exceeds the maximum term of imprisonment provided for by offense level **10**;

Exh. A at 6.   Because the imprisonment range provided by offense level 10 at criminal history category I is 6-12 months, and the magistrate court's 8-month sentence was within that range, the defendant has no right to appeal based on the magistrate court's imposition of the jointly recommended $28,000 fine.

More significantly, there is no indication from the record that the defendant's agreement to the appellate waiver in his plea agreement was not made knowingly or intelligently.   With narrow exceptions not relevant here, a defendant's waiver of his right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made.   *See*

5

*United States v. Blick*, 408 F.3d 162, 168-171 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399-401 (4th Cir. 2002); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). If a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is the dismissal of the appeal. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

In this case, the record makes clear that the defendant entered into a plea agreement with the government which contained a valid waiver of appeal provision. The plea agreement's waiver provision is similar to the appeal waiver approved by the Fourth Circuit in *United States v. Johnson*, 410 F.3d 137, 149-50 (4th Cir. 2005). The Fourth Circuit has also denied relief under 28 U.S.C. § 2255 to a petitioner who sought to overcome an appeal dismissed because of the plea agreement's clearly-worded waiver of the right to appeal. *See United States v. Linder*, 552 F. 3d 391, 396-97 (4th Cir. 2009).

It is also of no moment that the magistrate court itself did not initiate discussion of the plea agreement's appeal waiver provision. In *United States v. General*, 278 F.3d 389, 400-01 (4th Cir. 2002), the Fourth Circuit rejected a defendant's attack on his plea agreement's appeal waiver provision on this ground when the district court did not mention his appeal waiver provision specifically at all in his Rule 11 colloquy or inquire into whether he understood the significance of the waiver provision. Here, in contrast, between the court and government, all salient aspects of his plea agreement – including his appeal waiver – were covered with the defendant orally, and specifically drew the defendant's attention to the waiver provision. *See Blick*, 408 F.3d at 169 ("Although [the determination whether the waiver was knowingly and intelligently made] is often made based on the adequacy of the plea colloquy – specifically, whether the district court

6

questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances." (internal quotation marks omitted)).   Moreover, after the government placed the appeal waiver's provisions on the record, the defendant's counsel acknowledged to the magistrate court that they agreed that this fairly summarized the agreement's terms.   Exh. B at 23.

Additionally, the defendant was represented by competent counsel at the time that he negotiated the plea agreement and at the time he entered the guilty plea itself.   *See Attar*, 38 F.3d at 731 (noting the significance of being represented during a guilty plea).   The defendant did not indicate or request to make his plea conditional by reserving his right to appeal the issue he now presents, nor did the government agree to a conditional plea.   In short, the waiver provision which is the subject of this motion is exactly the type of knowing waiver which the Fourth Circuit views as "valid and enforceable."   *Attar*, 38 F.3d at 732.

The knowing and voluntary nature of the defendant's entry into the plea agreement is further evidenced by his counsel's active participation in the proceedings.   Besides his counsel's agreement with the magistrate court over the specific features of the written plea agreement discussed by the prosecutor – including the waiver of appeal provision – the defendant's counsel also petitioned the magistrate court to relax any travel restrictions that might be imposed on his client pending sentencing to enable him to obtain other gainful employment since he had just resigned his position at the Commerce Department.   *See* Exh. B at 27.   The defendant, moreover, in the plea agreement itself, and then during the guilty plea colloquy, acknowledged that he was satisfied with the representation of his attorney.   *See* Exh. A at 8; Exh. B at 18. Further, during the plea colloquy neither the defendant nor his attorney evinced any confusion

7

with the appellate waiver or with any other part of the plea agreement. Therefore, based on the record before this Court, there is no indication that the defendant's waiver of his right to appeal his sentence was anything but knowing and intelligent.

Finally, as this Court is to consider the entire facts and circumstances surrounding a plea when considering whether it was made knowingly and intelligently, *Blick*, 408 F.3d at 169, and the defendant's nearly 15 years of service as a federal investigative special agent cannot be ignored in this regard. Although the government does not have information on how many Rule 11 hearings the defendant has participated in as a case agent where appeal waivers were discussed, the defendant must be considered at the very high end of sophistication when it comes to evaluating his ability to understand the legal terminology used in the federal criminal justice system and effect of provisions in his written plea agreement, as well as the impact of the U.S. Sentencing Guidelines on his sentence. Considering the defendant's background and the fact that both the Rule 11 colloquy and the written plea agreement made express the impact of his appeal waiver – both of which he formally assented to – it is clear that the defendant made a knowing and intentional relinquishment of his rights to appeal both his conviction and the sentence imposed in this case.

In contending that the defendant has filed this appeal in violation of his plea agreement with the government, the government notes that the defendant's appeal does not fall within any recognized limit that can be placed on his otherwise valid waiver of appeal. For example, the defendant was not sentenced to a term of imprisonment that exceeds the maximum penalty provided by statute, nor does he appear to contend that his sentence was based on any impermissible factor, such as race. *See Attar*, 38 F.3d at 732; *Marin*, 961 F.2d at 496 (finding

that a waiver was enforceable where the defendant was contesting the application of a sentencing guideline factor, and where he was not alleging that the sentence exceeded the maximum possible penalty or that the sentence was based on an impermissible factor). Moreover, there is no credible allegation by the defendant, nor is there any indication in the record, that the defendant was afforded ineffective assistance of counsel or that the government engaged in any misconduct that would warrant this Court's creating an exception to that waiver in this case. *See Attar*, 38 F.3d at 732. Rather, the defendant is simply unhappy that the sentence he received is more onerous than what he and his counsel had expected when he agreed to plead guilty and, in filing this appeal, he is choosing to selectively ignore a provision of the plea agreement that he has deemed to be disadvantageous to him.

For these reasons, the United States respectfully requests that the Court dismiss the instant appeal. To allow the defendant to pursue review of his conviction and sentence as to which he expressly waived his right to any review would contravene the very purpose of the inclusion of such provisions in plea agreements and would "eliminate the chief virtues of the plea system – speed, economy and finality." *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (*quoting Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

The United States further requests that the briefing schedule be stayed while this motion to dismiss is pending. The United States has consulted with the defense counsel, who opposes the motion to dismiss but consents to the motion to stay the briefing schedule.

## **CONCLUSION**

For the foregoing reasons, the United States of America respectfully requests that this Court stay the briefing schedule and dismiss the instant appeal.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney


By:  //signed//_____
    Adam K. Ake
    Assistant United States Attorney
    6500 Cherrywood Lane
    Greenbelt, Maryland   20770

## **CERTIFICATE OF SERVICE**

This is to certify that on this 26th day of July, 2013, a copy of the foregoing Government's Motion to Dismiss was electronically filed and delivered via ECF to:

>Steven H. Levin
>250 W. Pratt Street, Suite 1300
>Baltimore, Maryland 21201

>_____//signed//_____
>Adam K. Ake
>Assistant United States Attorney