IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Appellee | * | |
| v. | * | Criminal No:  13-328-PJM |
| KIRK YAMATANI | * | |
| Appellant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MR. YAMATANI'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS[1]

Comes now the Appellant, Kirk Yamatani, through undersigned counsel, and responds to the government's motion to dismiss as follows:

### ARGUMENT

The government overlooks the substance of Mr. Yamatani's arguments in several respects.

First, the government completely ignores the fact that it modified the terms of the appeal waiver provision.  In *United States v. Wood,* 378 F.3d 342, 349 (4th Cir. 2004), the Fourth Circuit determined that the defendant did not knowingly waive his right to appeal, in part because the court mischaracterized the plea agreement's material terms during the plea colloquy.  In this case, the court did not review the appeal waiver provision with Mr. Yamatani.  When the government summarized that particular

---

[1] Undersigned counsel respectfully requests that this response be considered together with the initial Memorandum as bases for permitting an appeal in this case. In that regard, Mr. Yamatani does not repeat many of the arguments previously submitted to this Honorable Court.

1

provision, it modified it such that an appeal is permitted in light of the sentence imposed in this case. Significantly, the government does not argue that Mr. Yamatani has no right to appeal pursuant to the *modified provision* which Mr. Yamatani's counsel indicated "fairly summarized the agreement's terms." Government's Motion, p. 7. Instead, the government relies wholly on the text of the written plea agreement, for which there is no evidence of any understanding by Mr. Yamatani.

Next, as mentioned above, the magistrate court did not review the appeal waiver provision with Mr. Yamatani. The government cites *United States v. General*, 278 F.3d 389 (4th Cir. 2002), to support its argument that a court need not review the appeal waiver with a defendant in order to invoke its provisions. In doing so, the government ignores the facts of that case, and it fails to recognize that it is inapposite here. In *General,* the district court expressly confirmed that General discussed and read the plea agreement with his counsel before signing it and also questioned General regarding his depth of understanding of the terms of the agreement, asking him "when you discussed and read this with your lawyer, did you understand all of the words, the language, the sentences, even any legal phrases that were contained herein; did you understand them?," to which General responded, "Yes." *Id.* at 399-400.

Here, the magistrate court did not ask Mr. Yamatani whether he had read the agreement. The court did not ask Mr. Yamatani whether he had discussed the agreement with his attorney before signing it. The court did not even ask whether Mr. Yamatani had signed the plea agreement. In other words, all of the actions that allowed the Fourth Circuit to find that General knowingly and intelligently waived his right to appeal are absent in this case.

2

Third, the government completely ignores the fact that the magistrate court advised that Mr. Yamatani had a right to appeal, which drew no objection from the government. As the Fourth Circuit stated in *United States v. Manigan*, 592 F.3d 621 (4th Cir. 2010):

> Simply put, we are unable in these circumstances to enforce the appellate waiver. When a district court has advised a defendant that, contrary to the plea agreement, he is entitled to appeal his sentence, the defendant can hardly be said to have knowingly waived his right of appeal. *See United States v. Zink,* 107 F.3d 716, 718 (9th Cir.1997) (concluding that waiver was neither knowing nor voluntary where court advised defendant, without objection, that he had right to appeal); *United States v. Ready,* 82 F.3d 551, 557-58 (2d Cir.1996) (allowing defendant to appeal sentence despite appellate waiver because court incorrectly advised defendant of right to appeal sentence).

*Id*. at 628. *See also United States v. Johnson*, 368 Fed.Appx. 419, 422, 2010 WL 75079 (C.A.4 (Md) 2010)(unpublished)(Rule 11 colloquy insufficient to establish waiver of Johnson's right to appeal, "buttressed by the court's parting words at sentencing that 'if anybody believes I've erred . . . they have the right to appeal.'")(attached).

Notwithstanding the government's effort to shift the burden to Mr. Yamatani ("there is no indication from the record that the defendant's agreement to the appellate waiver in his plea agreement was not made knowingly and intelligently," Government Motion, p. 5), the record does not establish that Mr. Yamatani knowingly and intelligently waived his right to appeal. To the extent that this Court finds that the modified waiver provision should be enforced, even the government appears to agree that the modified provision would permit Mr. Yamatani to challenge the court's sentence.

Finally, Mr. Yamatani previously argued that Rule 35(a) as well as the Due Process Clause of the United States Constitution authorize this appeal. The government failed to address either of these arguments in its Motion to Dismiss. As such, Mr.

Yamatani asks that this Court find that the government has forfeited any opposition to these arguments. *See Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.,* 974 F.2d 502, 505 (4th Cir.1992) ("The most rudimentary procedural efficiency demands that litigants present all available arguments to an appellate court on the first appeal."). Accordingly, Mr. Yamatani asks that the appeal also be permitted under Rule 35(a) and the Due Process clause of the United States Constitution.

## CONCLUSION

For the foregoing reasons, Mr. Yamatani respectfully requests that this Court deny the government's motion to dismiss.

Respectfully submitted,

_____/s/_____
Steven H. Levin
LEVIN & CURLETT LLC
250 West Pratt Street, Suite 1300
Baltimore MD 21201
410.685.4444

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2013, a copy of this Response was served by electronic mail to all parties.

_____/s/_____
Steven H. Levin
