

368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.)))**

**C**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fourth Circuit Rule 32.1 (Find CTA4 Rule 32.1)

United States Court of Appeals,
Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Loquann **JOHNSON**, Defendant-Appellant.

No. 09-4126.
Argued: Jan. 29, 2010.
Decided: March 5, 2010.

**Background:** Defendant pled guilty in the United States District Court for the District of Maryland, J. Frederick **Motz**, J., to conspiracy to commit mail fraud and aiding and abetting identity theft, and was sentenced to 134 months' imprisonment. Defendant appealed, and government moved to dismiss appeal.

**Holdings:** The Court of Appeals, Shedd, Circuit Judge, held that:
(1) defendant did not knowingly and intelligently waive his right to appeal;
(2) application of 14-level enhancement to defendant's offense level for extrapolated loss that exceeded $400,000 was appropriate;
(3) application of six-level enhancement to defendant's offense level because offense involved more than 250 victims was appropriate; and
(4) application of four-level enhancement for defendant's role as organizer and leader of conspiracy was appropriate.

Affirmed.

West Headnotes

**[1] Criminal Law 110 ⇐1026.10(2.1)**

110 Criminal Law
  110XXIV Review
    110XXIV(D) Right of Review
      110k1025 Right of Defendant to Review
        110k1026.10 Waiver or Loss of Right
          110k1026.10(2) Plea of Guilty or Nolo Contendere
            110k1026.10(2.1) k. In general.
Most Cited Cases

Defendant, who pled guilty without plea agreement to conspiracy to commit mail fraud and aiding and abetting identity theft, did not knowingly and intelligently waive his right to appeal his sentence; there was no explicit appellate waiver provision to establish that defendant clearly waived his right to appeal, and although sentencing judge stated in plea colloquy that it was anticipated that neither defendant nor government intended to appeal sentence, judge ended colloquy by stating that if anyone believed he had erred, they had right to appeal. 18 U.S.C.A. §§ 1028A(a)(1), 1349; Fed.Rules Cr.Proc.Rule 11(b)(1)(N), 18 U.S.C.A.

**[2] Sentencing and Punishment 350H ⇐978**

350H Sentencing and Punishment
  350HIV Sentencing Guidelines
    350HIV(H) Proceedings

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.)))**

350HIV(H)2 Evidence
  350Hk974 Sufficiency
    350Hk978 k. Amount and degree of loss or injury. Most Cited Cases

Application of 14-level sentencing enhancement to offense level of defendant, who pled guilty to conspiracy to commit mail fraud and aiding and abetting identity theft, for extrapolated loss that exceeded $400,000 was appropriate; postal inspector testified that he used random sample of 35 out of 400 victims to appropriate loss amount, and for 35 victims, there was more than $34,000 in losses, resulting in approximate loss per victim of $980, and by multiplying approximate loss per victim by number of known victims, loss amount exceeded $400,000. 18 U.S.C.A. §§ 1028A(a)(1), 1349; U.S.S.G. § 2B1.1(a)(1), (b)(1)(H), (b)(2), 18 U.S.C.A.

**[3] Sentencing and Punishment 350H ⚖975**

350H Sentencing and Punishment
  350HIV Sentencing Guidelines
    350HIV(H) Proceedings
      350HIV(H)2 Evidence
        350Hk974 Sufficiency
          350Hk975 k. In general. Most Cited Cases

Application of six-level sentencing enhancement to offense level of defendant, who pled guilty to conspiracy to commit mail fraud and aiding and abetting identity theft, because offense involved more than 250 victims, was appropriate; postal inspector testified that although precise number of victims could not be established and more victims were coming forward, number of victims identified at that point was greater than 500 persons. 18 U.S.C.A. §§ 1028A(a)(1), 1349; U.S.S.G. § 2B1.1(a)(1), (b)(2)(c), 18 U.S.C.A.

**[4] Sentencing and Punishment 350H ⚖976**

350H Sentencing and Punishment
  350HIV Sentencing Guidelines
    350HIV(H) Proceedings
      350HIV(H)2 Evidence
        350Hk974 Sufficiency
          350Hk976 k. Defendant's role in offense. Most Cited Cases

Application of four-level sentencing enhancement to offense level of defendant, who pled guilty to conspiracy to commit mail fraud and aiding and abetting identity theft, for his role as organizer or leader in conspiracy was appropriate; postal inspector testified that defendant was one of the longest standing members in conspiracy, scouted and participated in every part of conspiracy, recruited other people to participate in conspiracy, paid proceeds to other members, and directed and trained members of conspiracy. 18 U.S.C.A. §§ 1028A(a)(1), 1349; U.S.S.G. §§ 2B1.1(a)(1), 3B1.1(a), 18 U.S.C.A.

**\*420** Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:08-cr-00206-JFM-4).**ARGUED:** Dwight Everette Crawley, Washington, D.C., for Appellant. Solette Allison Magnelli, Office of the United States Attorney, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished opinion. Judge SHEDD wrote the opinion, in which Judge MICHAEL and Judge KING joined.
Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

  **\*\*1** Loquann Johnson pled guilty to one count of

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.)))**

conspiracy to commit mail fraud and one count of aiding and abetting aggravated identity theft. The district court sentenced Johnson to 134 months imprisonment, and he now appeals his sentence arguing the court improperly calculated his advisory sentencing range. The government has moved to dismiss the appeal, arguing that Johnson waived his appellate rights. For the following reasons, we deny the government's motion to dismiss and affirm the sentence.

## I.

The government indicted Johnson on one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (Count 1), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts 2 and 7). Johnson pled guilty to Counts 1 and 2 without a plea agreement. The basic conspiracy Johnson pled guilty to involved stealing checks and personal identification information from mailboxes and using the information to create fake identification documents. With these fake identification documents, Johnson and his co-conspirators would cash checks at check-cashing establishments.

At sentencing, the district court set a base offense level of 7 for mail fraud, *see* U.S.S.G. § 2B1.1(a)(1), and imposed the following enhancements: (1) a 14-level enhancement for an extrapolated loss that exceeded $400,000, *see* **\*421**U.S.S.G. § 2B1.1(b)(1)(H); (2) a 6-level enhancement because the crime involved more than 250 victims, *see* U.S.S.G. § 2B1.1(b)(2)(c); and a 4-level enhancement because Johnson was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, *see* U.S.S.G. § 3B1.1(a). Johnson received a 3-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 28. Based on that offense level and a criminal history category IV, Johnson's Guidelines range for Count 1 was calculated to be 110-137 months. Count 2 carried a mandatory consecutive sentence of 24 months.

The district court adopted the findings of the presentence report. After considering the factors set forth in 18 U.S.C. § 3553(a), the court imposed a 134-month sentence, consisting of 110 months on Count 1 and 24 months on Count 2. The government subsequently moved to dismiss Count 7 of the Indictment. Johnson timely appealed, contending that the district court improperly enhanced his sentence, and the government has moved to dismiss his appeal because of an appellate waiver.

## II.

The issue of whether a defendant has waived his right of appeal in connection with a plea proceeding "is a matter of law that we review *de novo*." *United States v. Brown,* 232 F.3d 399, 403 (4th Cir.2000). In assessing whether a district court has properly applied the Guidelines-including the application of enhancements-"we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Layton,* 564 F.3d 330, 334 (4th Cir.2009).

## A.

**\*\*2** We first consider the government's assertion that this appeal must be dismissed because Johnson waived his right to appeal. In support of this argument, the government points to the following exchange that occurred during the plea colloquy:

[Government Attorney]: Your Honor, I'm not sure at this point, but I thought [defense counsel] was going to waive the defendant's right to appeal any sentence based on Counts 1 and 2, is that not my understanding? There was some discussion of this. I just want to clarify for the record.

[Defense counsel]: Your Honor, he would **waive** so long as the sentence is legal....

The Court: Okay. So, Mr. **Johnson**, there is no plea

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.)))**

agreement. So this-none of this is binding....

\* \* \*

The Court: And although there's no formal agreement to that effect, *at this point it is anticipated that neither you nor the Government at this point intend to appeal any sentence I impose,* provided the sentence is legal; is that correct?

[Government Attorney]: That's correct.

[Defense Attorney]: That's correct, Your Honor.

The Court: Do you understand that, Mr. Johnson?

The Defendant: Yes, I do.

J.A. 53-56. (emphasis added). Based on this exchange, the government argues that Johnson waived his right to an appeal. We disagree.

We will enforce an appeal waiver so long as the waiver is given knowingly and intelligently. *See United States v. Blick,* 408 F.3d 162, 169 (4th Cir.2005). Whether **Johnson** knowingly and intelligently agreed to **waive** his right of appeal must be "evaluated by reference to the totality **\*422** of the circumstances." *Id.* (internal citation and quotation marks omitted). An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Rule 11 colloquy. *See United States v. Manigan,* 592 F.3d 621, 627 (4th Cir.2010). Specifically, Rule 11 mandates that a district court, before accepting a plea of guilty, must "inform the defendant of, and determine that the defendant understands, ... any ... provision waiving the right to appeal." Fed.R.Crim.P. 11(b)(1)(N).

[1] After reviewing the record, we find that

**Johnson** did not **waive** his right to appeal. First, we note there is no explicit appellate waiver provision to establish that **Johnson** clearly waived his right to appeal. *See United States v. General,* 278 F.3d 389, 400 (4th Cir.2002) (enforcing waiver where the appellate waiver provision in the plea agreement was unambiguous and plainly embodied in the agreement). Second, the Rule 11 colloquy is insufficient to establish a waiver of Johnson's right to appeal. *See Manigan,* 592 F.3d at 627-28 (holding that although defendant had waived his right to appeal in a formal plea agreement, the waiver was insufficient because the Rule 11 colloquy did not demonstrate that the waiver was given knowingly and intelligently). Here, the district court's statement that "it is anticipated that neither you nor the Government at this point intend to appeal any sentence I impose" is too ambiguous to demonstrate that Johnson knowingly waived his appellate rights. Our conclusion is buttressed by the court's parting words at sentencing that "[i]f anybody believes I've erred ... they have the right to appeal." J.A. 156; *see Manigan,* 592 F.3d at 628 (noting "[w]hen a district court has advised a defendant that, contrary to the plea agreement, he is entitled to appeal his sentence, the defendant can hardly be said to have knowingly waived his right of appeal") (internal citation omitted). Accordingly, we deny the government's motion to dismiss and proceed to consider the merits of Johnson's appeal.

### B.

**\*\*3** [2] Johnson contends that the district court erred in calculating his advisory sentencing range. He first argues that the court committed clear error when it assigned a 14-point enhancement to his offense level based on the loss amount because the government failed to show that the victims sustained $400,000 in losses during the conspiracy. In applying the enhancement, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), the court relied on the testimony of a postal inspector that he used a random sample of 35 (out of 400) victims to approximate the loss amount. For the 35 victims, there was more than $34,000.00

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.)))**

in losses, resulting in an approximate loss per victim of $980.00. By multiplying the approximate loss per victim by the number of known victims (400), the loss amount exceeded $400,000. Johnson contends that the government's evidence is lacking because it extrapolated the losses from 35 of the victims to all 400 victims rather than showing each of the 400 victims' losses.

The Guidelines permit district courts to estimate losses. *See* U.S.S.G. § 2B1.1 cmt. n. 3(C) (noting "[t]he court need only make a reasonable estimate of the loss" taking into account "[t]he approximate number of victims multiplied by the average loss to each victim"). Further, we have held that extrapolation is an acceptable method to use in making a reasonable estimate of loss under the Guidelines. *See United States v. Pierce,* 409 F.3d 228, 234 (4th Cir.2005) (finding the district court did not clearly err in finding a loss amount based on extrapolated information). In ***423** light of this authority, and based on our review of the record, we are satisfied that the court did not err in calculating the loss amount.

[3] Johnson next argues that the district court clearly erred by applying a 6-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(c) because the crime involved more than 250 victims. Johnson contends that there is an insufficient basis to find this number of victims. We disagree. The court applied this enhancement based on the postal inspector's testimony that although the precise number of victims could not be established and more victims were coming forward, the number of victims identified at that point was greater than 500 persons. The postal inspector testified that more than 50 victims had actually been interviewed and that more than 300 real and assigned social security numbers were reflected on a single typewriter ribbon seized from one of the co-conspirators. Moreover, the government submitted more than 400 names and addresses of victims targeted for mail theft by these co-conspirators. Based on this evidence, we do not believe the district court clearly erred in finding there were more than 250 victims of this conspiracy.

[4] Finally, Johnson contends that the district court clearly erred by applying a 4-level enhancement for his role as an organizer and leader in the offense pursuant to U.S.S.G. § 3B1.1(a). Rather, Johnson argues that the court should have found he was only a manager and/or supervisor, which would have only warranted a 3-level enhancement. In support of his argument, he contends that he was not an organizer or leader because he did not possess the actual tools or implements necessary to make the fraudulent documents.

**4 Under the Guidelines, the district court, in distinguishing a leadership and organization role from one of mere management or supervision, should consider factors that include:

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4. In applying this enhancement, the court based its decision on the testimony of the postal inspector who stated that Johnson was one of the longest standing members of the conspiracy, scouted and participated in every part of the conspiracy, recruited other people to participate in the conspiracy, paid proceeds to other members, and directed and trained members of the conspiracy. In light of this evidence, we do not believe the district court clearly erred in finding Johnson was an organizer and leader of the conspiracy.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.)))**

III.

For the foregoing reasons, we deny the government's motion to dismiss the appeal and affirm the sentence imposed by the district court.

*AFFIRMED.*

C.A.4 (Md.),2010.
U.S. v. Johnson
368 Fed.Appx. 419, 2010 WL 750079 (C.A.4 (Md.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.