## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **Appellee** | * | |
| **v.** | * | **Criminal No:  13-328-PJM** |
| **KIRK YAMATANI** | * | |
| **Appellant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MR. YAMATANI'S MOTION TO STRIKE

Comes now the Appellant, Kirk Yamatani, through undersigned counsel, and moves this Honorable Court to strike the Government's response brief. In support thereof, Mr. Yamatani states as follows:

On July 15, 2013, Mr. Yamatani filed his Memorandum of Law in Support of Mr. Yamatani's Appeal. ECF #2.[1]

On August 28, 2013, *44 days later*, the Government filed its Consolidated Response to Defendants' Memoranda of Law.  ECF #8.

Local Rule 302 reads as follows:

APPEALS FROM DECISIONS BY MAGISTRATE JUDGES

1. Criminal Cases

Appeals in criminal cases shall be made to the District Court within fourteen (14) days from entry of the decision, order, judgment of conviction, or sentence in accordance with Fed. R. Crim. P. 58(g)(2) and other applicable statutes and rules.

Within thirty (30) days of the docketing of the appeal, the appellant shall file with the Clerk of Court and serve on the appellee a memorandum stating the exact points of law, facts, and authorities on which the appeal is based. *The appellee*

---

[1] Rachel Ondrik, a related defendant, filed her brief on the same day.

*shall file an answering memorandum within thirty (30) days thereafter.* The Court may extend these times upon a showing of good cause.  (emphasis added).

The government's response was filed two weeks past the deadline, with no showing of good cause.

Furthermore, though the rules do not require a showing of prejudice, the government's late filing has prejudiced Mr. Yamatani for the following reasons:

The late filing prevents undersigned counsel from adequately responding to the facts and arguments contained therein. Filing the response late in the afternoon on Wednesday, August 28, provides undersigned counsel with only one "work" day before the September 4 hearing, as many of the streets in Baltimore City are closed on Thursday, August 29, and Friday, August 30 due to the Grand Prix,[2]  and Monday, September 2 is Labor Day.

Additionally, because the government's response contains unsupported and inadmissible statements of fact, the prejudice caused by the untimely filing is exacerbated.  Candidly, many of the statements in the response should not be considered because they fall into several forbidden categories: 1) hearsay; 2) not supported by admissible evidence; 3) not referencing admissible evidence; 4) narrative form; and/or 5) blurring lines between counsel and witness.

Pages 2 through 4 of the government's response are written as a first-person account by the Assistant United States Attorney. They consist of observations, opinions, and a recitation of alleged facts without citations to the evidence in this case.

By submitting a lengthy factual narrative that is nearly devoid of record citations,

---

[2] The United States District Court, Baltimore, is closed on both of these dates.  See http://www.mdd.uscourts.gov (last accessed August 29, 2013).  Undersigned counsel's office is located next to the Garmatz Courthouse at 250 W. Pratt Street.

the government has shifted the burden to Mr. Yamatani, and this Court, to interview people in search of support for these factual allegations. Moreover, the unsupported representations of counsel do not constitute evidence. *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1236 (M.D.Ala.2000) ("opinions, allegations, and conclusory statements of counsel do not substitute for evidence"). Thus, the Court is not bound to accept, and Mr. Yamatani requests it declines to adopt, the government's unsupported representations concerning its reasons for filing and then withdrawing the Zinser/Beitel letters.

With respect to the government's response itself, Local Rule 302 does not require Mr. Yamatani to demonstrate prejudice when the government submits an untimely filing, though he has.  Local Rule 302 *does* require the government to show good cause for its untimely filing; it has not.

## CONCLUSION

For the foregoing reasons, Mr. Yamatani respectfully requests that this Court strike the government's untimely filed response. In the alternative, Mr. Yamatani requests that this Court strike those portions of pages 2 through 4 that contain facts, opinions and observations not supported by the record.

Respectfully submitted,


_____/s/_____
Steven H. Levin
LEVIN & CURLETT LLC
250 West Pratt Street,  Suite 1300
Baltimore MD 21201
(410) 685-4444

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 29, 2013, a copy of this Motion to Strike was served by electronic mail to all parties.

_____/s/_____
Steven H. Levin