esp

# United States District Court
## District of Maryland

JUL 10 2014

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| | (For Offenses Committed on or After November 1, 1987) |
| v. | Case Number: PJM-8-13-cr-00328-001 |
| KIRK YAMATANI | USM Number: N/A |
| | Defendant's Attorney: Steven Levin |
| | Assistant U.S. Attorney: Adam Ake |

JUL 10 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEP

**THE DEFENDANT:**
☒ pleaded guilty to count(s) __1 of Superseding Information__
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| Title 18 USC §1018 | Submission of a false official writing by an officer of the United States | February 25, 2011 | 1s |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 125 S. Ct. 738 (2005).

☐ The defendant has been found not guilty on count(s) _____
☒ Information (is) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

June 30, 2014
Date of Imposition of Judgment

_/s/ Peter J. Messitte_   7/10/14
Peter J. Messitte                    Date
Senior United States District Judge

Name of Court Reporter: Linda Marshall

Sheet 2 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)     Judgment Page 2 of 6

**DEFENDANT: KIRK YAMATANI**
CASE NUMBER: PJM-8-13-cr-00328-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  6 days as to Count 1 of the Superseding Information.  (Time served)

☒ The court makes the following recommendations to the Bureau of Prisons:
   The defendant shall receive credit for time served.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

   ☐ before 2 p.m. on _____.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY U.S. MARSHAL

Sheet 3 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011) — Judgment Page 3 of 6

**DEFENDANT: KIRK YAMATANI**  
CASE NUMBER: PJM-8-13-cr-00328-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  1 year as to Count 1 of the Superseding Information .

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A. STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.
2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.
3) The defendant shall not illegally use or possess a controlled substance.
4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
   ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
5) Pursuant to Pub. Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, if applicable, the defendant shall cooperate in the collection of DNA while incarcerated in the Bureau of Prisons, or as directed by the probation officer.
6) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## B. STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 8:13-cr-00328-PJM   Document 33   Filed 07/10/14   Page 4 of 6

Sheet 4 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)                                Judgment Page 4 of 6
DEFENDANT: KIRK YAMATANI                                                    CASE NUMBER: PJM-8-13-cr-00328-001

## C. SUPERVISED RELEASE
## ADDITIONAL CONDITIONS

**COMMUNITY SERVICE SANCTION**
- ☒ The defendant shall perform __60__ hours of community service as directed by the probation officer. Although the probation officer has discretion to designate what community service will take place, it is subject to these conditions.
  - (a) The community serve may not be suspended regardless of the offender's other commitments,
  - (b) The community service may not be with an organization that the offender is currently working with (or that a member of his family is currently working with), and
  - (c) The probation officer shall promptly advise the Court in writing as to when community service will be provided and the nature of the services to be performed.

Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)  Judgment Page 5 of 6

**DEFENDANT:** KIRK YAMATANI  
**CASE NUMBER:** PJM-8-13-cr-00328-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 25.00 | $ 20,000.00 | $ 11,150.21 |

☐ CVB Processing Fee $25.00

☐ The determination of restitution is deferred until Click here to enter a date.. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U.S. Department of Credit Accounting Branch 3700 East-West Highway Room 622D Hyattsville, MD 20782 Made payable to Clerk, U.S. District Court |  | $11,150.21 |  |

| **TOTALS** | $ 0 | $ 11,150.21 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the  ☐ fine  ☒ restitution

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KIRK YAMATANI                                      CASE NUMBER: PJM-8-13-cr-00328-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ **$25.00 Special Assessment shall be paid in full immediately.**

B ☐  $_____ immediately, balance due (in accordance with C, D, or E); or

C ☒ *Restitution and fine shall be paid in full 1 (one) week from 6/30/14.*

D ☐  Installments to commence _____ day(s) after the date of this judgment.

E ☐  In _____ (e.g. equal weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐ in equal monthly installments during the term of supervision; or

☐ on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: